NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-304-KSF

MARTAY LOVE                                                                      PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

DR. KRISTEN HUNGRESS, et al.                                        DEFENDANTS

**** **** ****

Martay Love, a/k/a Marty Love and Martay Loveley, a Federal Bureau of Prisons ("BOP") inmate who is currently confined in the Federal Medical Center ("FMC"), in Lexington, Kentucky, has filed a *pro se* Complaint pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), together with a Motion to Proceed *in forma pauperis*. The Motion has been granted by separate Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

### CLAIMS

Plaintiff claims that the Defendants have violated criminal statutes, 18 U.S.C. § 241-42; retaliated against her for exercising her right to write grievances; disciplined her with inappropriate

sanctions; violated the federal Rehabilitation Act; discriminated against her; and failed to treat her "like I am a human being."

## DEFENDANTS

As the Defendants, Plaintiff names the following persons at the Federal Medical Center:  the doctor-coordinator of the Residential Drug Abuse Program, Dr. Kristen Hungress; and three drug treatment specialists in the Program, Amanda Hughes, Sally Hammitt, and Rick Dooley.

## RELIEF REQUESTED

Plaintiff demands damages and injunctive relief.

## FACTUAL ALLEGATIONS

Plaintiff has submitted a commonly used complaint form to which she has attached exhibits. The following is a summary or construction of her allegations.

Plaintiff describes herself as a disabled veteran who has been diagnosed as a paranoid schizophrenic for over 15 years.  She claims to have started doing Tai-Chi exercises instead of taking medications in 2005, ". . . to elevate my life condition and to keep my voice/auditory hallucination dormant."  Love alleges that she was practicing Tai-Chi and participating in the Residential Drug Abuse Program ("RDAP"), in early August of 2007, when she angered prison personnel.  She writes that she refused to see the prison doctor, Dr. Morales, because he is not a psychiatric specialist, and she wrote a complaint to the warden about Defendant Hammitt's "being insensitive to my mental illness in front of our RDAP phase group."  That is when the Defendants purportedly began the complained-of actions against her.

According to Love, she was ordered to stop her Tai-Chi exercises in the RDAP courtyard, and she was called into an August 7, 2007, treatment session with the four Defendants, where they

2

asked about her auditory hallucinations.  Plaintiff purportedly explained that the exercises were helpful to her.  However, she also criticized certain aspects of the Defendants' RDAP, stating that her DTS [sic] Team's communications with other human beings were too "aggressive" and reporting that Ms. Hammitt threatened and belittled her "in front of the RDAP phase group."

Love complains that on August 24, 2007, she was forced to sign an extra treatment plan, which would be impossible for her to complete within the required time or be removed from the RDAP, even though she was scoring 82% on the RDAP information in the first phase.  She has also written, "This learning experience was inhuman for . . . me to stand up in front of 120 inmates and express I withheld critical treatment information from my primary therapist including that I was having auditory command hallucination."  Love alleges that she was threatened that if she failed to divulge the information about her hallucinations, she would be removed from the RDAP.

At some point, Love apparently submitted a series of grievances on these matters, as she supplies documents from her pursuit of several BOP administrative remedies.  They reveal that she pursued two relevant grievances to exhaustion.  In a December 14, 2007, appeal to the final level of the administrative process, *i.e.*, the national level, in Remedy No. 462750, she explains those portions of the RDAP which are helpful and those which are not for a schizophrenic, and states, "Due to extremely high blood pressure and mental anguish, I withdrew from the RDAP  program Aug 31, 2007."

Attached documents in response to her Remedy No. 462750, reveal that Love had complained to the highest level of appeal that the Defendants were discriminating against her because she requested a psychiatrist, rather than a non-specialist doctor, and because she submitted administrative remedies.  The other claim which Plaintiff exhausted is Remedy No. 464577, wherein

she charged that because of same conduct, *i.e.*, her request to see a psychiatrist and her submission of grievances, the staff acted with a retaliatory motive.

In both final responses to the Plaintiff, the Administrator of National Appeals contends that Love's concerns had been adequately addressed in the earlier stages of the grievance process at the local and regional levels, and he then writes as follows:

> . . . Review of the record reveals staff provided you with appropriate drug abuse treatment and appropriate admonition when you demonstrated non-compliance with the program goals and expectations.  You voluntarily withdrew from the RDAP effective August 31, 2007.

> Staff actions in this matter are consistent with the requirements of program Statement 5330.10, Drug Abuse Programs Manual. . . .

Record No. 2, Attachments dated April 1, 2008.  In Remedy No. 464750, the Administrator concludes, "There is no evidence you have been discriminated against."  In No. 464577, he concludes, "There is no evidence you have been retaliated against by staff."

Complaining that these issues were whitewashed, Plaintiff seeks not only damages, but also "all my rights and benefits reinstated . . . [and] for the learning experiences in front of other inmates be discontinued."

## DISCUSSION

To state a claim that is cognizable under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a plaintiff must plead two essential elements.  He or she must show, first, that he or she has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him/her of those rights acted under color of federal law.  *Id.* at 397.

4

If the allegations herein are accepted as true, as this Court is required to do, all of the Defendants were acting under color of federal law, as they were alleged to be federal employees involved in running the RDAP program at a federal prison. Thus, the instant Plaintiff has satisfied the "under color of federal law" component to stating a *Bivens* claim. However, whether she has sufficiently alleged the other component, a deprivation of a federal right, is less clear.

With regard to Love's claim that the Defendants violated federal criminal statutes, the law is well settled that 18 U.S.C. §§ 241 and 242 do not give rise to private rights of action; it is a matter of standing. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Booth v. Henson*, 2008 WL 4093498 (6ᵗʰ Cir. 2008) (unpublished) (citing *Linda R.S.* and citing *United States v. Oguafu*, 76 F. Appx. 579, 581 (6ᵗʰ Cir. 2003) for the proposition that dismissal of §§ 241 and 242 claims is appropriate as a plaintiff has no private right of action under these criminal statutes).

Plaintiff's retaliation, discrimination, and inappropriate sanctions claims are simply too insubstantial to proceed. As to the purported retaliation claim, Love has failed to allege sufficient facts suggesting reason(s) that any of the four Defendants would or did retaliate against her for writing grievances. To state a claim for First Amendment retaliation, a plaintiff must allege that: (1) he/she engaged in constitutionally protected conduct; (2) an adverse action was taken against him/her that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between her protected conduct and the defendants' adverse action -"that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (*en banc*).

There is no doubt that inmates have a First Amendment right to file grievances against prison officials on his or her own behalf.  *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Consistent therewith, the instant Plaintiff has alleged that staff were retaliating against her for exercising her First Amendment rights by filing grievances.  She has not, however, identified what she allegedly wrote about whom and when or why these four Defendants would care enough to take action against her.

Moreover, even if the Court were to have this information about the grievances' content, the other components of a retaliation claim are missing.  The only adverse actions which the Defendants are alleged to have taken were (1) the Defendants' purportedly requiring her to stand up and talk about herself to the class in something called "learning experiences," a not unknown or unreasonable requirement in any rehabilitation setting; and (2) their purportedly increasing the requirements expected of her for completion of the RDAP, a gratis program wherein each prisoner-participant must satisfy requirements to the satisfaction of the staff.

Plaintiff admits that everyone had to take part in the oral "learning experiences."  It was not imposed upon her as a sanction.  She complained of that requirement and of the increased plan for her.  But then she quit, rather than satisfy these requirements.  To the extent that she was forced to talk to the group or to drop out of the group, she has suggested absolutely no causal connection between her protected actions, *i.e.*, writing grievances and refusing to see a doctor, and the Defendants' actions taken in imposing personal requirements on each inmate, including Plaintiff.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  " *Bell Atl. Corp. v. Twombly*, ____U.S. ____, ____ , 127 S.Ct. 1955, 1964-65 (2007).

6

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted). This Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975). The instant plaintiff having failed to state a cognizable retaliation claim, this purported claim will be dismissed.

To the extent that Plaintiff's discrimination claim is based on the Constitution, it suffers the same fatal flaw as the retaliation claim – lack of specific allegations. The due process clause of the Fifth Amendment contains an implicit equal protection component that applies to actions of the federal government. *See United States v. Frame*, 885 F.2d 1119, 1137 (3d Cir. 1989), *cert. denied* 493 U.S. 1094 (1990). Equal protection requires that "all persons similarly circumstanced shall be treated alike." *Reed v. Reed*, 404 U.S. 71, 76 (1971)(quoting *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)).

However, the Court is again faced with construing Love's allegations herein without taking over the Plaintiff's obligation to state a claim. Plaintiff Love does not mention a membership in a protected class such as race or gender. When an equal protection challenge is brought and no fundamental right is involved and the plaintiff does not allege that he/she is a member of a suspect class, then, challenged "provisions will pass muster if they are reasonably related to a legitimate government interest." *Taxpayers United, et al. v. Austin, et al.*, 994 F.2d 291, 297 (6th Cir. 1993) (citing *Moore v. City of East Cleveland*, 431 U.S. 494, 498 (1971); *Zielaskko v. Ohio*, 873 F.2d 987

(6th Cir. 1989)).  A stand-and-talk requirement for every participant in a therapeutic setting is commonplace in rehabilitation programs, evidently including the RDAP.

Further, a plaintiff does not state an equal protection claim when he or she does not demonstrate that he or she was similarly situated to other prisoners.  *See New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 17 (1988).  A "plaintiff could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently."  *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993).  The plaintiff must show that he/she "was victimized because of some suspect classification, which is an essential element of an equal protection claim."  *Id.* (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988)).  As the plaintiff has not made such a showing, no cognizable equal protection claim has been stated.  *Id*.  An equal protection claim which is not supported by factual allegations is dismissable as being only conclusory.  *See Blackburn v. Fisk University*,  443 F.2d 121 (6th Cir. 1971).

In short, with regard to both Plaintiff's retaliation and discrimination claims, the allegations in this case have not set forth the factual or constitutional basis of these claims in a manner that gives the Defendants proper notice and does not require either the defendants or this Court to "conjure up unpled allegations."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

To the extent that Plaintiff means that she is being discriminated against based on her disability, *i.e.*, paranoid schizophrenia, she is advised that the Rehabilitation Act ("RA") constitutes the exclusive remedy in the federal section for individuals alleging disability-based discrimination. In order to state an RA claim, a plaintiff must allege (1) she is an individual with a disability; (2) she is otherwise qualified to receive a benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance.  28 U.S.C. § 794(a); *see Macy v. Hopkins County Sc. Bd. of Education*, 484 F.3d 357, 363 (6th Cir. 2007).

Love fails to state a disability claim under these standards.  Even if her mental illness qualifies her as disabled and she is otherwise qualified to participate in the RDAP, a federally funded program in the United States prisons, she was not denied the benefit of the program based solely on her disability.  Indeed, she was not denied at all.  She was permitted into the program but she chose to quit over certain of its requirements.

## CONCLUSION

Accordingly, the Court finding that Plaintiff has failed to state a claim upon which the Court may grant relief, **IT IS ORDERED** as follows:

(1)     This action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants; and

(2)     Plaintiff's Motion for Appointment of Counsel [Record No. 7] is **DENIED** as moot.

This September 19, 2008.



**Signed By:**

**_Karl S. Forester_** K S F

**United States Senior Judge**

9